IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 95-659 |
| JAMES SPENCER | |

**MEMORANDUM OPINION**

Defendant James Spencer moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Spencer's motion will be denied.

**I.  BACKGROUND**

James Spencer is currently serving a life sentence for ten separate gunpoint robberies he committed in North Philadelphia between November 14, 1994 and September 16, 1995. He was convicted of ten counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, one count of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c), and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(e). Pursuant to the "three strikes" provision of 18 U.S.C. § 3559(c), Spencer received a mandatory sentence of life imprisonment. He is currently housed at Allenwood USP and has served approximately twenty years of his sentence.[1]

He had previously applied for Compassionate Release/Reduction in Sentence from the Warden of Allenwood USP, which the warden denied on August 10, 2020. On September 24,

---

[1] Spencer's federal sentence began in 2002, after he served a state sentence for violating his parole. He has served 237 months of his sentence, not including potential additional credits for good conduct.

2020, Spencer filed a pro se motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).[2] He states that he is at a high risk for a severe outcome from a COVID-19 infection because of his chronic obstructive pulmonary disease (COPD), hypertension, chronic eczema, contact dermatitis, deviated trachea, previous (though now cured) Hepatitis C, prediabetes, and gastroesophageal reflux disease (GERD). He further alleges that COVID-19 is a threat to his mental well-being as he is currently confined to his cell for the entire day and experiencing increased anxiety and depression. The Government opposes Spencer's motion based on the seriousness of his underlying offenses.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, Spencer has exhausted his administrative remedies by unsuccessfully requesting release from the warden of Allenwood USP, and his motion is therefore ripe for consideration. 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all

---

[2] This motion appears to be docketed twice, as ECF 137 and ECF 139. The foregoing motion and order apply to both entries.

2

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

### A. Extraordinary and Compelling Medical Condition

According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may constitute a basis for release. Section 1B1.13 defines a serious medical condition as "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1. It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

The Government concedes that, under U.S.S.G. § 1B1.13 n.1, Spencer's COPD is "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" during the COVID-19 pandemic. The Center for Disease Control lists COPD as an underlying medical condition that puts a person at an increased risk of severe illness in the event of a COVID-19 infection. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd (last updated Nov. 2, 2020). Spencer's ability to provide self-care within the prison environment during the COVID-19 pandemic is substantially diminished due to his COPD.[3]

---

[3] Because Spencer's COPD is concededly an extraordinary and compelling medical condition, with the exception of noting that the exacerbation of Spencer's anxiety and depression due to the COVID-19 pandemic is not a compelling reason for release, the Court declines to address whether Spencer's other medical conditions also satisfy U.S.S.G. § 1B1.13 n.1. *See United States v. Osborne*, 2020 WL 3258609,

**B. Section 3553(a) Factors**

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a) [4] to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). In consideration of the relevant factors under Section 3553(a), in particular the nature and seriousness of Spencer's repeated, violent armed robberies, his request for compassionate release will be denied.

Section 2553(a) directs the court to consider the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant. Spencer was given a life sentence for a string of ten armed robberies he committed in North Philadelphia in 1994 and 1995. In just under one year, Spencer robbed four different businesses—one of them four separate times—at gunpoint. Spencer threatened customers and employees with a loaded gun, held the gun to the head of a store employee, and struck both a customer and employee in the face with the weapon. He robbed both the stores and the patrons.

---

at *2 (E.D. Ark. June 16, 2020) ("Unfortunately, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release.").

[4] Section 3553(a) directs a sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

He committed the first robbery just two months after he was released on parole after a state conviction for armed robbery, for which he had served ten years. Although twenty years is considerable time, Spencer's release would fail to reflect the dire seriousness and recidivist nature of his conduct, for which he was given a life sentence.[5] Spencer wreaked havoc on the community. He emotionally traumatized his victims, as well as physically injuring two of them; two of the businesses he robbed were forced to close as a result of his crimes. Even considering Spencer's age—he is now sixty-four—and his rehabilitation while in prison—he has earned his GED, serves as a suicide watch companion, and works for UNICOR—the violent and repetitive nature of Spencer's offenses weigh against his release.

Section 3553(a) also directs the court to consider the relevant characteristics of the defendant, here his history of COPD, and the need to provide for medical care in the most effective manner. Neither of these factors weigh in favor of compassionate release. While Spencer's COPD places him at a general increased risk in the event of a COVID-19 infection, Spencer has not demonstrated that Allenwood USP is unable to provide him with medical care or protect against the risk of infection. USP Allenwood has had only seven inmates test positive for COVID-19 over the course of the pandemic, four of whom have already recovered. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. There have been no COVID-19 related deaths at the facility. *Id*. Likewise, Spencer's medical records indicate that the BOP is monitoring and treating his medical conditions during confinement, including his COPD. He reported during his most recent medical exam on October 5, 2020 that "his breathing is doing better since starting" an additional medication. Spencer's medical records further indicate that he is receiving medication for his hypertension and eczema, and that he was

---

[5] Spencer had five prior armed robbery convictions that served the basis for his mandatory life sentence under 18 U.S.C. § 3559(c).

5

counseled to address his prediabetes with diet and exercise.  In short, Spencer is receiving adequate medical care for his health concerns and has not demonstrated a peculiar risk of COVID-19 infection at his facility.  *See United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

In consideration of the violent nature of Spencer's repeated armed robbery offenses and the demonstrated ability of Allenwood USP to manage his medical care in prison, Spencer fails at this time to demonstrate that release would be appropriate under Section 3553(a).  His motion will therefore be denied.

An appropriate order follows.

**November 4, 2020**  **BY THE COURT:**

*/s/ Wendy Beetlestone*

_____

**WENDY BEETLESTONE, J.**